# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  JESSICA L. AYLWARD, an individual, | |
| Plaintiff, | |
| vs. | Case No.  13-CV-739-JED-PJC |
| (1)  OKLAHOMA NATIONAL GUARD, d/b/a THUNDERBIRD YOUTH ACADEMY FOUNDATION, and<br>(2)  OKLAHOMA MILITARY DEPARTMENT ex rel. STATE OF OKLAHOMA, d/b/a THUNDERBIRD YOUTH ACADEMY FOUNDATION, | Tulsa County District Court<br>Case No. CJ-13-4275 |
| Defendants. | |

# EXHIBIT 4 -

# Petition

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
SEP 9 - 2013
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| JESSICA L. AYLWARD, an individual, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. **CJ-2013-04275** |
| THUNDERBIRD CHALLENGE, INC., a Domestic Not For Profit Corporation, also d/b/a THUNDERBIRD YOUTH ACADEMY FOUNDATION, | ) Attorney Lien Claimed |
| Defendant. | ) |

E. Mark Barcus

## PETITION

COMES NOW the Plaintiff, Jessica L. Aylward, through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright of Smolen, Smolen & Roytman, PLLC and brings this action against the Defendant, Thunderbird Challenge, Inc., a domestic not for profit corporation, also d/b/a Thunderbird Youth Academy Foundation, in Pryor, Oklahoma, (hereinafter "Defendant") for violations of her constitutionally protected rights arising out of her employment with said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000e et seq. ("Title VII"), providing for relief from a hostile work environment, harassment, and retaliation, on the basis of gender.

2. Plaintiff, a resident of the State of Oklahoma, filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC")

complaining of sexual harassment and discrimination based on her gender and retaliation. A Notice of Right to Sue was received by Plaintiff, and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

3. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

4. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

6. This action lies properly in the Northern District of Oklahoma pursuant to 28 U.S.C §1391(b) as the unlawful employment practices complained of herein occurred within the Northern District of Oklahoma and because Defendant conducts regular business in the Northern District of Oklahoma.

7. Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma.

8. Defendant, conduct regular business in the State of Oklahoma and regularly employ more than fifteen (15) people.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff, Jessica L. Aylward, incorporates as if realleged Paragraphs 1-8.

10. The Plaintiff is a female.

11. Plaintiff began her employment with the Defendant in January 2012.

2

12. The Plaintiff and her children lived at Thunderbird Youth Academy premises during the events at issue in this litigation.

13. From the beginning of her employment, Plaintiff began to endure sexual harassment, which got progressively worse over time, from a male Platoon Sergeant, Sgt. Carpenter.

14. On a daily basis, the work environment was permeated with sexually charged crude comments and sexually based vulgar language.

15. Sergeant Carpenter repeatedly sent text messages of a sexual nature to Plaintiff.

16. Furthermore, Sergeant Carpenter sent text messages and had verbal communications with other male employees about Plaintiff in a sexual manner. For example, Plaintiff is aware that Sergeant Carpenter spoke with another male employee to inquire whether he was having sex with the Plaintiff and asked if he, Sergeant Carpenter, could "live through [the other male employee's] experience."

17. The sexual harassment and ridicule was so severe and pervasive that it altered the conditions of Plaintiff's employment.

18. Plaintiff complained repeatedly of the conduct to her supervisors, including John Edwards, while she was employed at Thunderbird Youth Academy, but rather than swiftly addressing her concerns, Plaintiff's supervisors instead referred to Plaintiff as a "problem."

19. Further, the sexual harassment continued.

20. Shortly after the first time Plaintiff voiced concern about Sergeant Carpenter's harassment, she was verbally counseled in retaliation for speaking out against the gender-based harassment.

21. Sergeant Carpenter made comments of a sexual nature about Plaintiff on the Thunderbird Youth Academy's Facebook page.

22. This picture and the sexually harassing comment remained on the page even after Plaintiff expressed concern about the hostile work environment and the sexual harassment to her supervisors and despite Plaintiff's repeated attempts to get the comment removed.

23. The Plaintiff believes this picture and comment were intentionally left on the website to humiliate and intimidate Plaintiff into resigning.

24. Sergeant Carpenter repeatedly snuck into the building in which Plaintiff worked and surprised her by his unannounced arrival, which frightened Plaintiff and made her very uncomfortable.

25. On one occasion, Plaintiff looked outside of the door to her home early in the morning and saw Sergeant Carpenter hovering and looking at her home directly across the street from her. Plaintiff was frightened for her own sake and that of her children who lived with her on Thunderbird Youth Academy premises.

26. Plaintiff spotted Sergeant Carpenter on the premises on various occasions after he was no longer an employee at Thunderbird Youth Academy and on each occasion Plaintiff felt extremely threatened and frightened.

27. Plaintiff complained to her supervisors about Sergeant Carpenter's appearances on the premises where he no longer worked yet nothing was done and Plaintiff was essentially told to mind her own business.

28. Plaintiff had to leave a shift early and was unable to go to work on various occasions because of the extreme fear and anxiety she experienced in the hostile work environment at Thunderbird Youth Academy.

29. Plaintiff suffered severely from the hostile work environment and sexual harassment to the extent that she often times could not sleep, felt panicked, and missed work.

30. The Plaintiff believes her termination was in direct retaliation for her complaints about the hostile work environment.

31. Plaintiff is aware of at least two other females have filed sexual harassment related charges against Sergeant Carpenter and further asserts that many female employees discussed the hostile environment and sexual harassment at Thunderbird Youth Academy.

## FIRST CLAIM FOR RELIEF:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

32. Plaintiff, Jessica Aylward, incorporates as if realleged Paragraphs 1-31.

33. By continually subjecting the Plaintiff to a hostile work environment based on her gender and failing to properly ensure a non-hostile work environment, Defendant have violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering, personal injury and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Injunctive Relief
    f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII

34. Plaintiff, Jessica Aylward, incorporates as if realleged Paragraphs 1-33.

35. By terminating Plaintiff's employment in retaliation for her participation in protected activity as defined under Title VII, the Defendant have violated 42 U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for her mental anguish, pain and suffering, personal injury and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
   d. Her attorney fees and the costs and expenses of this action;
   e. Injunctive Relief
   f. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## NEGLIGENT SUPERVISION

36. Plaintiff, Jessica Aylward, incorporates as if realleged Paragraphs 1-35.

37. Defendant was aware that its employee was subjecting Plaintiff to sexual harassment.

38. Defendant had reason to believe that the employee would engage in further harassment of the Plaintiff.

39. Defendant had a duty to prevent sexual harassment against employees.

40. Defendant made no attempt to prevent further violations on the Plaintiff either by removing the employee from the workplace or otherwise correcting the behavior.

41. Defendant' employee continued to commit wrongful acts on Plaintiff despite Defendant' prior knowledge that the employee had a propensity to commit such acts.

6

42. By failing to discipline its employee and by failing to remove him from the workplace despite its knowledge of the employee's prior acts of sexual harassment, Defendant has breached the duty owed to Plaintiff.

43. This breach was the proximate cause of the sexual harassment Plaintiff endured and the resulting personal injury she suffered.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering, personal injury and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Injunctive Relief
    f. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff, Jessica Aylward, incorporates as if realleged Paragraphs 1-43.

45. The Defendant' actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought in excess of 75,000.00 including, but not limited to, appropriate loss earnings and insurance premiums, with pre-judgment interest, and compensation for past and future pecuniary losses, including out-of-pocket losses suffered by Plaintiff because of the unlawful discrimination, in an amount to be determined at trial. Plaintiff also requests this Court order Defendant to pay punitive damages for its malicious and/or

Case 4:13-cv-00739-JED-PJC   Document 2-4 Filed in USDC ND/OK on 11/19/13   Page 9 of 9

reckless conduct, in an amount to be determined at trial. Finally, Plaintiff requests this Court grant reasonable attorney's fees and such further relief as the Court deems necessary and proper.

                                              Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Lauren G. Lambright, OBA# 22300
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
E-mail: danielsmolen@ssrok.com
*Attorneys for Plaintiff*

8